IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHANIEL ALLEN LINDELL,

                      Plaintiff,

v.

RICHARD SCHNEITER, *et al.,*

                      Defendants.

ORDER

06-C-608-C

---

      On October 4, 2007, plaintiff filed his fourth motion to compel discovery, essentially seeking follow-up on issues addressed in his earlier discovery disputes with the state. *See* dkt. 58. The state asks this court to deny relief on substantive and procedural grounds, the latter argument premised on plaintiff's failure to attempt to meet and confer about these disputes. *See* dkt. 60.

      On October 11, 2007, plaintiff filed his fifth motion to compel discovery, asking the state actually to identify the inmates who filed the 8 grievances and ICE papers listed in the state's chart responding to plaintiff's discovery request. *See* dkt. 63. Again the state raises a procedural objection, then presents a brief substantive response. *See* dkt. 64.

      On October 11, 2007, plaintiff filed a request to extend his October 22, 2007 deadline to respond to defendants' September 21, 2007 summary judgment motion due to the pending discovery disputes. *See* dkt. 62.

      Dealing first with the state's procedural objection to the latest discovery motions, I am not going to deny the motions for failure to meet and confer. Experience accumulated over

years of refereeing prisoner lawsuits has led this court to supersede Rule 37(a)(2)(A) with this directive, contained in the preliminary pretrial conference order issued in this case:

> If the parties disagree about discovery requests, then this court would like them to try to work it out if they can do so quickly, but the court does not require this if it would be a waste of time. If either side thinks that the other side is not doing what it is supposed to do for discovery and they cannot work it out, then either the plaintiff or the defendant quickly should file a motion with the court. If the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time to get information that they needed for summary judgment or for trial.

*See* dkt. 13 at 10.

The state does not suggest that it would have been amenable to providing the information plaintiff now seeks in his motions if only plaintiff had sought a parley before filing them. Frankly, this case is a paradigm of the situation envisioned in the court's PPTC order: requiring plaintiff to confer with the AAG before filing his motions to compel would waste everybody's time and energy because it is extraordinarily unlikely that the parties ever would reach even partial agreement on their discovery disputes. It's more efficient for the court simply to rule on the disputes as they arise.

In his fourth motion to compel, plaintiff first complains that defendants improperly declined to provide him with the documents he requested in his RFP #6, namely copies of all RAIGs[1] any of the specified defendants signed during the specified time period in which the defendant placed a prisoner on Phase Yellow or Green in WSPF's HROP, or released a prisoner from LTAC status into the HROP. Plaintiff reports that in his requests he "specifically suggested

---

[1] "Risk Assessment Information Guides"

that identifying material be omitted" but this suggestion is not present on Exhibit B, attached by plaintiff to his motion. I will accept plaintiff's averment that his original request contained this limitation.

That said, I cannot sufficiently discern the relevance of the requested information to plaintiff's claims. Plaintiff has not provided any argument on this point other than to cite to the August 31, 2007 order for the proposition that "this evidence *is* 'relevant and presumptively discoverable.'" *See* Lindell's 4th Notice & Motion To Compel, dkt. 58, at 2. Actually, what I said was that

> as long as plaintiff's retaliation claim is extant, evidence tending to show that defendants treated him more harshly than other inmates who were genuinely similarly situated to plaintiff is relevant and presumptively discoverable. Defendants may enforce their policies and may invoke the punctilios of the rules on third party prisoners, but they cannot completely wall off plaintiff from receiving information of this nature, if it exists.

Aug. 31, 2007 Order, dkt. 32, at 12.

Nothing about the disputed discovery request suggests that it will lead to the disclosure of relevant evidence about true comparables–if that's what plaintiff is seeking here–particularly in the absence of identifying information. I am not going to speculate as to what plaintiff actually is trying to glean from these documents that will help him prove his retaliation claim. If plaintiff wants to spell it out for the court, then he may renew his motion, but at this point, I am not going to make the defendants provide the requested documents, redacted or not. I'm not prepared to conclude that plaintiff's argument "makes no sense," as defendants aver, but the argument is undeveloped, and therefore inadequate. To the same effect, if defendants actually wish to obtain protection from this discovery on the ground that it is too broad a request and

too burdensome to be worth producing, *see* defendants' response, dkt. 60, at 2, then they must provide some actual support for these contentions. I am denying this portion of plaintiff's motion without prejudice.

The second half of plaintiff's fourth motion is his objection to defendants' amended response to his RFP 1, seeking other inmates' complaints about unwashed recreational clothing. Defendants provided a chart listing six such complaints between December 23, 2003 and October 14, 2005, all reviewed by Ellen Ray or Kelly Trumm, and all rejected. As defendants point out in their opposition to plaintiff's motion to compel, this is exactly the information that this court ordered defendants to provide. Therefore, this is all that the defendants are required to disclose at this time. If plaintiff wishes to obtain more information from Ray about what, if anything, she learned from these complaints, then he may pose interrogatories on this issue (if he hasn't already used up his allotment of interrogatories). If asked, then Ray may provide information about the specific nature of the complaints filed, whether she investigated, and what she concluded. Additionally, if plaintiff wishes to and is able to explore what the other defendants knew and when they knew it regarding this issue, then plaintiff is not forbidden from following up with additional interrogatories. But plaintiff is not entitled to more information about the actual inmate complaints at this time, if ever.

This segues to plaintiff's fifth motion to compel in which he complains about defendants' response to his request for information about other inmates' complaints about outdoor exercise time for Phase Red and Phase Yellow inmates. The defendants provided a chart similar to that summarizing prisoner complaints about dirty clothing. This is all the defendants need to do at this time. Again, plaintiff may explore this topic further with Ray, Huibregtse and Trumm if

plaintiff has sufficient interrogatories to do so.  The point is not what individual complaints may have stated, the point is what, if anything, defendants knew about the prisoners' need for more outdoor exercise time.  I am denying plaintiff's fifth motion to compel.

Finally, plaintiff has requested additional time to respond to respond to defendants' pending summary judgment motion.  Considering that plaintiff did not file his two latest motions to compel discovery until after defendants filed their motion for summary judgment on September 21, 2007, the court is unsympathetic to plaintiff's request.  Plaintiff knows it is his responsibility timely to obtain the information he will need to respond to a summary judgment motion.  *See* Feb. 22, 2007 Preliminary Pretrial Conference Order, dkt. 13, at 7-8.  That said, the calendar has about 2½ weeks' breathing room in it, so I will pass this along to plaintiff.  His response deadline is extended from October 22 to November 9, 2007.  Defendants' reply deadline is moved from November 1 to November 21, 2007.

Entered this 23rd day of October, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge