IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHANIEL ALLEN LINDELL,

                OPINION and ORDER

       Petitioner,

                06-C-608-C

    v.

MATTHEW J. FRANK, STEPHEN
CASPERSON, STEPHEN PUCKETT, RICHARD
SCHNEITER, J. HRUDKRA, GARY BOUGHTON,
PETER HUIBREGTSE, JOHN DOE #1, JOHN DOE
#2, JOHN DOE #3, RICK RAEMISCH, SANDRA
HAUTAMAKI, ELLEN RAY, CATHERINE
BEERKIRCHER, KELLY TRUMM, GERALD BERGE,
CAPTAIN JILL HORNER, CAPTAIN TIMOTHY
HAINES, VICKI SEBASTIAN, BRIAN KOOL,
CAPTAIN GARY BLACKBOURN, CAPTAIN BOYLE,
CAPTAIN GARDNER, T. CRAVENS, MS. HARPER,
MS. WALTERS, MS. TRACY GERBER, C. O.
FRIEDRICK, C.O. JUERGENS, C. O. MORRIS, C. O.
KARNOPP, SGT. WRIGHT and JOHN RAY,

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 1, 2007, plaintiff Nathaniel Lindell filed objections under Rule 72(a) to an order entered October 23, 2007 by the United States Magistrate Judge. Under Rule 72(a), a magistrate judge's order may be modified or set aside only if "clearly erroneous or

1

contrary to law." The magistrate judge's order presently before the court for review involves limitations on discovery. In the order, the magistrate judge denied plaintiff's fourth and fifth motions to compel.

Plaintiff objects to three denials by the magistrate judge. First, the magistrate judge denied a portion of plaintiff's fourth motion to compel, in which plaintiff sought production of any Risk Assessment Information Guides defendants may have prepared during a specified time period on prisoners who were placed on Phase Yellow or Green in the Wisconsin Secure Program Facility's High Risk Offender Program. The magistrate judge noted that "nothing about the disputed discovery request suggests that it will lead to the disclosure of relevant evidence about true comparables—if that's what plaintiff is seeking here—particularly in the absence of identifying information." October 23, 2007 Order, dkt. #65, at 3. The magistrate judge denied the motion without prejudice to plaintiff's renewing his motion with an explanation of how the discovery request could lead to relevant evidence about true comparables if the documents produced did not identify the other prisoners.

In his motion for reconsideration, plaintiff objects to the magistrate judge's decision and renews his motion to compel production of Risk Assessment Information Guides. At the same time, plaintiff reaffirms that he does not want or need personally identifying information in the guides. According to plaintiff, the records will show that prisoners with worse records than his but who are not litigators were put on Phase Yellow or Green, while

2

plaintiff, a "litigator," was not. I agree with the magistrate judge that plaintiff has failed to show how the Risk Assessment Information Guides will lead to the information he seeks. Because defendants are entitled to remove all information that might identify the other prisoners, it will be impossible for plaintiff to determine whether these other prisoners are or are not litigators. At most, the documents could show that "riskier" offenders were allowed to advance into different phases. But this would fall far short of showing the offenders were "comparable" to plaintiff. As in his fourth motion to compel, plaintiff's renewed motion to compel fails to suggest show how the requested documents would lead to the disclosure of relevant evidence about true comparables. In light of this, I conclude that the magistrate judge's decision to deny plaintiff's motion to compel production of Risk Assessment Information Guides was not clearly erroneous or contrary to law, and I further conclude that plaintiff's renewed motion to compel production of the requested documents must be denied.

The magistrate judge denied two other portions of plaintiff's motions to compel in which plaintiff objected to defendant's amended responses to his Requests for Production of prisoner complaints dealing with unwashed exercise clothing or outdoor exercise time. Defendants produced charts listing the relevant complaints, the person who reviewed each complaint and whether the complaint was accepted or rejected. The magistrate judge determined that plaintiff was not entitled to more information about the actual inmate

3

complaints at this time, but if he wanted more information, plaintiff could pose interrogatories, if he still had some allotted, to particular defendants regarding the specific nature of the complaints and what defendants knew regarding the issue.

>Under Rule 26(b)(2)(C), discovery of relevant materials may be limited if:
>
>(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. Rule 26(b)(2)(C). Even if, as plaintiff puts it, the magistrate judge's order "denies [him] the actual meaty parts of the evidence," Plt.'s Mot., dkt. #82, at 3, he may not be entitled to receive the evidence in the form he requests. The magistrate judge's determination that plaintiff is not entitled to more information about the actual inmate complaints conforms to a number of the reasons listed in Rule (26)(b)(2)(C) for limiting discovery. Thus, his denial of plaintiff's motion to compel further disclosure of inmate complaint information cannot be said to be "clearly erroneous or contrary to law."

Having reviewed the magistrate judge's order and plaintiff's objections, I find nothing in the order that is "clearly erroneous."

4

ORDER

IT IS ORDERED that:

1. Plaintiff Nathaniel Lindell's motion for reconsideration of the United States Magistrate Judge's October 23, 2007 Order is DENIED.

2. Plaintiff Nathaniel Lindell's renewed motion to compel production of Risk Assessment Information Guides is DENIED.

Entered this 16th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge