IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHANIEL ALLEN LINDELL,

                      ORDER

        Plaintiff,

                      06-cv-608-bbc

   v.

CAPTAIN MONICA HORNER and
THOMAS CRAVENS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A final pretrial conference was held in this case on Monday, March 10, 2008, before United States District Judge Barbara B. Crabb.  Plaintiff Nate Lindell appeared in person, without counsel.  Defendant Monica Horner and Thomas Cravens appeared by Francis Sullivan and Mary Elizabeth Sheehan, assistant attorneys general.

      The parties predicted that the case would take two days to try.  They understand that trial days will begin at 9:00 and will run until 5:30, with at least an hour for lunch, a short break in the morning and another in the afternoon.

      Plaintiff asked for sequestration of the witnesses.  Counsel and plaintiff are familiar with the court's visual presentation system.

1

The parties agreed to the voir dire questions in the form distributed to them at the conference. The jury will consist of seven jurors to be selected from a qualified panel of thirteen. Each side will exercise three peremptory challenges against the panel. Before plaintiff and defendants' counsel give their opening statements, the court will give the jury the introductory instructions on the way in which the trial will proceed and their responsibilities during the trial.

Plaintiff and defendants' counsel discussed the form of the verdict and the instructions on liability. Final decisions on the instructions and form of verdict will be made at the instruction conference once all the evidence on liability is in.

The following rulings were made on the parties' motions in limine.

1. Plaintiff's motion to bar defendants from referring to any misconduct attributed to plaintiff after defendants recommended his placement in long term administrative confinement. GRANTED.

2. Plaintiff's motion to bar defendants from referring to the factual details or titles of any crimes of which plaintiff has been convicted. GRANTED unless defendants can show that they relied on such information in making their decision to recommend placement in long term administrative confinement.

3. Plaintiff's motion to bar defendants from referring to any suspected or proven misconduct by plaintiff not relied on by defendants for their decision. GRANTED.

4. Plaintiff's motion to bar defendants from referring to any details of how the Aryan Circle operates. DENIED to the extent that defendants relied on this information for making their decision.

5. Plaintiff's motion to bar defendants from referring to plaintiff's general character or that of any witnesses. DENIED to the extent that defendants relied on plaintiff's general character in making their decision. GRANTED as to non-inmate witnesses whose characters were not in issue in placement decisions.

6. Defendants' motion to bar plaintiff from testifying about the actions or statuses of inmates Ronald Dennis, Charles Estep, Joseph Koutnik, Chazzie White and Jason Tyrell is GRANTED, except with respect to inmate Tyrell. Plaintiff may use the report of inmate Tyrell to support his contention that he was treated less favorably than others at least in part because of his filing of lawsuits and grievances against prison staff.

Entered this 12th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3